1  Boris Treyzon, Esq. (SBN 188893)
   *btreyzon@actslaw.com*
2  **ABIR COHEN TREYZON SALO, LLP**
   16001 Ventura Blvd, Suite 200
3  Encino, California 91436
   Telephone: (424) 288-4367 | Fax: (424) 288-4368
4
5  Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:20-bk-21020-BR |
| GIRARDI KEESE | Chapter 7 |
| Debtor, | Adv. Proc. No. 2:22-ap_____-BR |
| JASON RUND, Chapter 7 Trustee, | TRUSTEE'S COMPLAINT FOR: |
| Plaintiff, | 1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER |
| v. | 2) AVOIDANCE OF POST-PETITION TRANSFERS |
| ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation, DOES 1 through 10 | 3) AVOIDANCE OF FRAUDULENT TRANSFER |
| | 4) RECOVERY OF AVOIDED TRANSFER |
| Defendants | 5) TURNOVER OF ESTATE PROPERTY |
| | 6) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSFER |
| | 7) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSFER |
| | 8) PRESERVATION OF AVOIDED TRANSFER |
| | 9) CONVERSION |

TRUSTEE'S COMPLAINT

COMES NOW Plaintiff Jason Rund, the duly appointed, qualified and acting Chapter 7 Trustee ("Plaintiff") for the bankruptcy estate of debtor Thomas V. Girardi (the "Estate") who alleges as follows:

**STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS**

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

2. Plaintiff Jason Rund is the duly appointed, qualified and acting Chapter 7 Trustee of the Estate created in the instant Chapter 7 bankruptcy case pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California styled In re Thomas V. Girardi, bearing Case No. 2:20-bk-21020-BR.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and relates to the Debtor's individual bankruptcy case (No. 2:20-bk-21020-BR) under title 11 of the United States Code pending in this District and before this Court.

4. Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, Thomas V. Girardi was insolvent.

5. Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, Defendant Erika N. Girardi resides and/or has conducted business within the jurisdiction of this Court and, at all times mentioned herein, was the wife of Thomas V. Girardi.

6. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, Defendant EJ Global, LLC ("EJ Global") is a California limited liability company conducting business within the jurisdiction if this Court and is owned, managed, and controlled by Defendant Erika Girardi.

7. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, Defendant Pretty Mess, Inc. ("Pretty Mess") is a California corporation conducting business within the jurisdiction if this Court and is owned, managed, and controlled by Defendant Erika Girardi.

8. On December 18, 2020 (the "Petition Date") an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code was filed against the Debtor. The Court entered the Order for Relief on January 13, 2021.

9. Plaintiff is further informed and believes and based thereon alleges that Defendant Pretty Mess was incorporated on January 25, 2021, after the bankruptcy was filed.

## FACTUAL BACKGROUND

10. Under the Bankruptcy Code, the Trustee stands in the shoes of the Debtor and the Trustee has standing to bring or prosecute any suit and seek any remedy the Debtor could bring or seek in his own right in the absence of being a debtor in bankruptcy.

11. Debtor was married to Defendant Erika Girardi at all times mentioned herein.

12. During Debtor and Defendant Erika Girardi's marriage, the Debtor lent funds to EJ Global in order to further Defendant Erika Girardi's career.

13. At the time of the filing of the bankruptcy, Defendant EJ Global still owed the loan to Debtor.

14. Plaintiff is informed and believes and based thereon alleges that none of the loaned funds have been repaid.

15. Plaintiff is informed and believes and based thereon alleges that, after the date of the Order for Relief, Defendant Erika Girardi formed Defendant Pretty Mess solely to avoid her obligations to repay loans payable to the Estate by Defendant EJ Global.

16. Plaintiff is informed and believes, and based thereon alleges that, in or around February of 2021, Defendant EJ Global, acting by and through Defendant Erika Girardi modified the payees in certain contracts so the earnings were payable to Defendant Pretty Mess instead of Defendant EJ Global.

17. Plaintiff is informed and believes and based thereon alleges that Defendant Pretty Mess is the successor corporation and/or alter ego of Defendant EJ Global and of Defendant Erika Girardi, in that each has maintained such a unity of interest and ownership such that the separate personalities of the entities and the individual defendant no longer exists and it would be inequitable to recognize the separateness of Defendants Pretty Mess and EJ Global to each other and the separateness of Defendant Pretty Mess and EJ Global from Defendant Erika Girardi.

18. Plaintiff is informed and believes and on that basis alleges thereon that Defendants Erika Girardi, EJ Global, and Pretty Mess (collectively "Defendants") continue to aid and abet in sham transactions that have occurred regarding large transfers of assets from the Debtor to the Defendants.

19. Plaintiff is informed and believes and based thereon alleges that on January 11, 2018, the Debtor, in his individual capacity made a $200,000 payment to Defendant Erika Girardi.

20. Plaintiff is informed and believes and based thereon alleges that on April 18, 2017, the Debtor, in his individual capacity made a $10,000 payment to Defendant Erika Girardi.

21. Plaintiff is informed and believes and based thereon alleges that on October 17, 2017, the Debtor, in his individual capacity made a $10,000 payment to Defendant Erika Girardi.

22. Plaintiff is informed and believes and based thereon alleges that on September 17, 2019, the Debtor, in his individual capacity made a $10,000 payment to Defendant Erika Girardi.

23. The above-described transfers totaling $230,000, which are alleged in the four preceding paragraphs, are collectively referred to as the "Cash Transfers".

24. Plaintiff is informed and believes, and based thereon alleges, that the Debtor intended by purpose and design, specifically through the Cash Transfers, to abscond and secrete the Debtor's assets for the purpose of defrauding the Debtor's creditors, including those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

## FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers of EJ Global Assets, Cal. Civ. C §§ 3439-3439.14, and For Aiding and Abetting)**

25. Plaintiff realleges and incorporates by reference every allegation contained hereinabove as though set forth herein.

26. Defendant EJ Global owed a debt to the Estate.

27. Plaintiff is informed and believes and thereon alleges that Defendant EJ Global (acting through Defendant Erika Girardi) transferred its property and interests in property, including without limitation EJ Global's right to be paid earnings under certain contracts, to Defendant Pretty Mess in an amount subject to proof at time of trial.

28. The transfers by Defendant EJ to Defendant Pretty Mess were for the purpose of EJ Global attempting to avoid its obligation to repay Debtor. The transfers alleged in this claim were made within four years of the Petition Date.

29. Plaintiff is informed and believes and thereon alleges that Defendant Erika Girardi and EJ Global made the property transfers to Defendant Pretty Mess with the actual intent to hinder, delay, or defraud the Estate.

30. Plaintiff is informed and believes and thereon alleges that Defendants Erika Girardi and EJ Global made the property transfers without receiving a reasonably equivalent value in exchange for the transfers without receiving a reasonably equivalent value in exchange for the transfers and that Defendants either (1) were engaged or was about to engage in a business or a transaction for which the remaining assets of the Defendants were unreasonably small in relation to the business or transaction; or (2) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

31. Plaintiff is informed and believes and thereon alleges that Defendants made the property transfers alleged without receiving reasonably equivalent value in exchange for the transfers and Defendants were insolvent at the time or became insolvent because of the transfers.

32. Plaintiff is entitled to have the transfers alleged avoided under California Civil Code §§ 3439.04, 3439.05 and 3439.07.  The Plaintiff may recover the value of the assets transferred from (1) the first transferee of the assets or the person for whose benefit the transfers were made; or (2) any subsequent transferee, other than a good faith transferee who took for value or from any subsequent transferee.

33. Defendant Erika Girardi aided and abetted in the above-alleged transfers by Defendant EJ Global and, therefore, if jointly liable with Defendants EJ Global and Pretty Mess for said transfers by EJ Global.

**SECOND CLAIM FOR RELIEF**

**(Avoidance of Post-Petition Transfers of Estate Assets, Pursuant to 11 U.S.C. §§ 549)**

34. Plaintiff realleges and incorporate by reference every allegation contained hereinabove as though set forth herein.

35. On information and belief, Plaintiff alleges that Defendants Erika Girardi and EJ Global, after the commencement of this bankruptcy case, made transfers of inventory, money, goods, business opportunities, royalties, jewelry, art, and other assets in which the Estate had an interest in to Defendant Pretty Mess, to the detriment of the Estate (the "Post-Petition Transfers").

36. The claims the Plaintiff seeks to avoid arise from post-petition transfer of assets of the Estate by EJ Global and Erika Girardi to Pretty Mess to the detriment of the Estate.

37. These Post-Petition transfers occurred after the commencement of this bankruptcy case and were not authorized by Section 303(f) or Section 542(c) of the Bankruptcy Code or by an order from this Court.

38. Therefore, the transfers constitute an avoidable post-petition transfer.

39. The Debtor did not receive adequate consideration for the Post-Petition Transfers to Defendant Pretty Mess.

40. The Post-Petition Transfers should be avoided for the benefit of the Estate under Section 549 of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer of Post-Petition Transfers, Cal. Civ. C §§ 3439-3439.14)**

41. Plaintiff realleges and incorporates by reference every allegation contained hereinabove as though set forth herein.

42. Plaintiff is informed and believes and, based thereon alleges, that Post-Petition Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

43. Plaintiff is informed and believes and based thereon alleges, that the Post-Petition Transfers were made without receiving a reasonably equivalent value in exchange for the Post-Petition Transfers without receiving a reasonably equivalent value in exchange for the Post-Petition Transfers and that Defendants either (1) were engaged or was about to engage in a business or a transaction for which the remaining assets of the Defendants were unreasonably small in relation to the business or transaction; or (2) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

44. By reason of the foregoing, the Post-Petition Transfers are avoidable under Cal. Civ. Code §§ 3439.04 and 3439.05.

## FOURTH CLAIM FOR RELIEF

**(Recovery and Preservation of Avoided Post-Petition Transfers Pursuant to 11 U.S.C. §§ 550 and 551)**

45. Plaintiff realleges and incorporates by reference every allegation contained hereinabove as though set forth herein.

46. Plaintiff may avoid the Post-Petition Transfers under 11 U.S.C. § 549.

47. Defendants were the initial transferee of the avoidable transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the avoidable transfers were made.

48. Under 11 U.S.C. § 550(a), Plaintiff may recover from Defendants the avoidable transfers, plus interest thereon to the date of payment and the costs of

7

TRUSTEE'S COMPLAINT

this action, and to preserve the avoided Post-Petition Transfers pursuant to 11 U.S.C. § 551.

## FIFTH CLAIM FOR RELIEF

### (Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)

49. Plaintiff realleges and incorporate by reference every allegation contained hereinabove as though set forth herein.

50. Plaintiff is informed and believes and based thereon alleges that the receivables owed to the Estate and other items transferred by the Defendants are all property of the Estate.

51. Plaintiff is informed and believes and, on that basis alleges thereon that the Defendants are in possession, custody, or control, of property that the Trustee has an interest in and may use, sell, or lease under 11 U.S.C. § 363 and such property is not of inconsequential value to the Estate.

## SIXTH CLAIM FOR RELIEF

### (Avoidance and Recovery of Voidable Cash Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(2) and 3439.07)

52. Plaintiff realleges and incorporate by reference every allegation contained hereinabove as though set forth herein.

53. The Plaintiff is informed and believes, and based thereon alleges that the Cash Transfers were made to or for the benefit of Defendant Erika Girardi.

54. The Trustee is informed and believes, and based thereon alleges, that the Debtor made the Cash Transfers to Defendant Erika Girardi (a) without receiving a reasonably equivalent value in exchange for the Cash Transfers, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably

should have believed that it would incur, debts beyond his ability to pay as they became due.

55. Plaintiff is informed and believes, and based thereon alleges that, at all relevant times, the Cash Transfers were voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

56. Plaintiff is informed and believes, and based thereon alleges that, based on the foregoing, the Plaintiff may avoid the Transfer and recover the equivalent value of said fraudulent transfer for the benefit of the Estate from Defendant Erika Girardi pursuant to 11 U.S.C. §§ 544(b) and 550.

## SEVENTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Voidable Cash Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

57. Plaintiff realleges and incorporate by reference every allegation contained hereinabove as though set forth herein.

58. Plaintiff is informed and believes, and based thereon alleges that the Debtor made the Cash Transfers to or for the benefit of Defendant Erika Girardi without receiving a reasonably equivalent value in exchange for the Cash Transfers because the Cash Transfers were made for no consideration.

59. Plaintiff is informed and believes and based thereon alleges that the Debtor was insolvent at the time of the Cash Transfers or became insolvent as a result of the Cash Transfers in that the sum of the Debtor's debts exceeded all of the Debtor's assets.

60. The Cash Transfers constitute voidable transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439.01 *et seq.*, and therefore, are avoidable by the Plaintiff.

## EIGHTH CLAIM FOR RELIEF

### (Recovery and Preservation of Avoided Cash Transfers Pursuant to 11 U.S.C. §§ 550 and 551)

61. Plaintiff realleges and incorporate by reference every allegation contained hereinabove as though set forth herein.

62. The Cash Transfers are the Debtor's property that should be avoided pursuant to California Civil Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05 and 3439.07 and 11 U.S.C. § 544(b) and based thereon the Plaintiff is entitled to avoid the Cash Transfers.

63. Plaintiff is informed and believes and based thereon alleges that Defendant Erika Girardi was the initial transferee of the Cash Transfers, or that she was the individual for whose benefit the Cash Transfers were made, within the meaning of 11 U.S.C. § 550(a).

64. Upon avoidance of the Cash Transfers, the Plaintiff is entitled to recover the Cash Transfers, together with interest at the applicable rate from the date of the Cash Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 550 and to preserve the avoided Cash Transfers pursuant to 11 U.S.C. § 551.

## NINTH CLAIM FOR RELIEF

### (Conversion)

65. Plaintiff realleges and incorporate by reference every allegation contained hereinabove as though set forth herein.

66. The inventory, money, goods, business opportunities, royalties, jewelry, art, and other assets in which the Estate had an interest, which were

transferred post-petition by Defendant Erika Girardi to Defendant Pretty Mess, as alleged above, all were property of the Estate.

67. Defendants have substantially interfered with Plaintiff's property rights by Erika Girardi knowingly and/or intentionally taking possession of the property of the Estate and transferring it to Defendant Pretty Mess, which accepted those assets knowing that they were assets of the Estate.

68. Plaintiff did not consent to any of the Defendants taking possession of the property of the Estate or to those assets being transferred by or received by any of the Defendants.

69. Plaintiff has been harmed as a result of Defendants' conduct and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

70. Plaintiff is entitled to damages in an amount proven at trial.

## **RESERVATION OF RIGHTS**

71. Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the any of the transfers alleged above, (ii) additional transfers, (iii) modifications of and revisions to Defendant's names, (iv) additional defendants, and (v) additional claims for relief, that may become known to the Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

72. Plaintiff reserves the right to bring all other claims for relief that he may have against Defendant, on any and all grounds, as allowed under the law or in equity.  Additionally, nothing contained in this Complaint shall be construed as a waiver of the Plaintiff's right to object to any proof of claim filed by Defendant.  Accordingly, nothing contained in this Complaint shall be construed as a waiver of the Plaintiff's right to object to any proof of claim filed by Defendant.

Accordingly, the Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by Defendant.

WHEREFORE, the Plaintiff prays for judgment against the Defendants:

1. On Plaintiff's First, Second, Third, and Fourth Claims for Relief, judgment for Plaintiff against Defendants, avoiding the Avoidable Transfers and directing Defendants to return to Plaintiff the Avoidable Transfers, under 11 U.S.C. 549, and 550(a), and California Civil Code 3439, et seq., plus the interest from demand at the maximum legal rate and to the fullest extent allowed by law, with the costs and expenses including, without limitation, attorneys' fees;

2. On Plaintiff's Fifth Claim for Relief, judgment for Plaintiff against Defendants for turnover of property of the Estate;

3. On Plaintiff's Sixth, Seventh, and Eighth Claim for a judgment and/or order that the Transfers are avoidable under 11 U.S.C. § 544, 550, and 551, and California Civil Code § 3439.04(a)(1), 3439.04(a)(2), 3439.05, 3439.07,

4. For a judgment on the Ninth Claim for Relief against the Defendants for conversion of property of the Estate in an amount proven at trial;

5. For cost of suit incurred herein, including, without limitation, attorneys' fees,

6. For interest in an amount authorized by law;

7. Such other and further relief as this Court may deem just and proper.

Dated: December 15, 2022                    **ABIR COHEN TREYZON SALO, LLP**

By: ___/s/ Boris Treyzon_____
Boris Treyzon, Esq.